UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DAILY FANTASY SPORTS LITIGATION                                  MDL No. 2677

TRANSFER ORDER

**Before the Panel:**[*] We are presented with three motions in this docket. First, plaintiffs in the two actions listed on Schedule A and pending in the District of New Mexico (*DeGroot* and *Lahoff*) move under Panel Rule 7.1 to vacate our order that conditionally transferred *DeGroot* and *Lahoff* to the District of Massachusetts for inclusion in MDL No. 2677. Defendants DraftKings, Inc. and FanDuel, Inc. (collectively, the DFS Defendants) oppose the motion to vacate.

Second, FanDuel moves under 28 U.S.C. § 1407(c) to transfer the two actions listed on Schedule A and pending in the Central District of California (*Leung* and *Delgado*) to the District of Massachusetts for inclusion in MDL No. 2677. Plaintiff in the *Leung* action opposes this motion.[1]

Finally, FanDuel moves under 28 U.S.C. § 1407(c) to transfer the action listed on Schedule A and pending in the Southern District of New York (*Fischler*) to the District of Massachusetts for inclusion in MDL No. 2677. Plaintiff in the *Fischler* action opposes this motion.

The opposition of the *DeGroot* and *Lahoff* plaintiffs to transfer of their respective actions to MDL No. 2677 is principally based upon the impact that an anticipated decision on a motion for preliminary injunction by a New Mexico state court may have on their claims. We are not persuaded that the pendency of this preliminary injunction motion is significant. Any preclusive effect the state court's decision may have on the claims in *DeGroot* and *Lahoff*—and it is unknown at this time if and when a decision will issue—will be the same whether these actions are before the transferee court or before the transferor court. *DeGroot* and *Lahoff* both involve allegations that the DFS Defendants operate online daily fantasy sports contests in contravention of New Mexico anti-gambling statutes. These actions thus share common questions of fact with the more than two dozen other "illegal gambling" actions already transferred to MDL No. 2677—including at least two actions that allege (as do *DeGroot* and *Lahoff*) that defendants' operations contravene New Mexico law. Allowing *DeGroot* and *Lahoff* to proceed separately in the transferor court in anticipation of a ruling by a state court would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

---

[*] Judges Lewis A. Kaplan and Catherine D. Perry took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Plaintiff in the *Delgado* action did not respond to the motion.

FanDuel moves for transfer of three actions (*Leung*, *Delgado*, and *Fischler*), each of which concern a promotional scheme by FanDuel in which it allegedly promised to match new players' initial account deposits up to $200. Plaintiffs allege that this promotional scheme was deceptive or fraudulent because FanDuel did not match the initial deposit "dollar for dollar," but based upon an intricate formula that required continued play on FanDuel's website and an investment of hundreds or thousands of dollars in additional entry fees.

We are persuaded that these three actions share sufficient factual questions with each other and with actions pending in MDL No. 2677 to merit inclusion in the centralized proceedings. The *Leung*, *Delgado*, and *Fischler* actions allege bonus fraud claims exclusively against Fan Duel. When the Panel centralized this litigation, it included in the MDL actions alleging similar "bonus fraud" claims against DraftKings, but several of these actions also assert bonus fraud claims against FanDuel. Thus, the question of FanDuel's liability for the alleged bonus fraud scheme is already before the transferee court. These actions will involve common discovery regarding FanDuel's advertising, promotions, and its internal policies and practices with respect to the deposit bonus scheme. Additionally, there is substantial overlap among the asserted putative classes in these actions, several of which assert claims on behalf of putative nationwide classes. Transfer of these actions, therefore, will eliminate duplicative discovery, prevent inconsistent pretrial rulings, particularly with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary.

Plaintiff in the *Fischler* action opposes transfer to MDL No. 2677 (after having initially moved for its transfer).[2] He argues that transfer is not appropriate because: *Fischler* solely challenges FanDuel's bonus matching program; *Fischler* involves a discrete state-wide class; and the jurisprudence of New York is more favorable to plaintiffs with respect to the validity of an arbitration clause and class action waiver that FanDuel will seek to enforce. None of these arguments is persuasive. We already have disposed of plaintiff's first two arguments, and note further only that plaintiff mischaracterizes the putative class in his own complaint, which is brought on a nationwide basis. *See Fischler* Compl. ¶ 53. Plaintiff's argument with respect to the relative merits of a particular state or circuit's jurisprudence is irrelevant to the Section 1407 analysis. "The Panel has long held that '[w]hen determining whether to transfer an action under Section 1407 . . . it is not the business of the Panel to consider what law the transferee court might apply.'" *In re Boehringer Ingelheim Pharms., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378 n.1 (J.P.M.L. 2011) (quoting *In re Gen. Motors Class E Stock Buyout Sec. Litig.*, 696 F. Supp. 1546, 1547 (J.P.M.L. 1988)).

---

[2] Plaintiff Fischler withdrew his motion to transfer on April 1, 2016, after which FanDuel filed a separate motion to transfer, which plaintiff now opposes. The parties offer dueling characterizations of plaintiff's decision to withdraw his motion to transfer. His motivations for doing so, though, ultimately are not relevant to our decision here.

-3-

Plaintiff in the *Leung* action raises similar arguments regarding factual differences between the actions and the advantages of a particular state's jurisprudence (here, California). As with *Fischler*, these arguments are not persuasive. In addition, plaintiff in *Leung* argues that transfer is not appropriate because of the pendency of a motion to compel arbitration in the transferor court. A ruling on this motion, however, is not imminent.[3] Furthermore, FanDuel contends that it will file similar motions to compel arbitration in other actions pending in the MDL. Such duplicative motions may benefit from centralized treatment. Plaintiff therefore can present this and any other pending motions to the transferee court.

Accordingly, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions previously transferred to MDL No. 2677, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of Massachusetts was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that: (a) the DFS Defendants allowed their employees to participate in competitors' fantasy sports contests using nonpublic information that gave them an unfair advantage over other contestants; (b) the DFS Defendants operate online daily fantasy sports contests in contravention of state anti-gambling statutes; (c) DraftKings conducted an allegedly deceptive and fraudulent initial deposit matching scheme; or (d) some combination thereof. *See In re Daily Fantasy Sports Mktg. & Sales Practices Litig.*, MDL No. 2677, __ F. Supp. 3d __, 2016 WL 440127 (J.P.M.L. Feb. 4, 2016). The *DeGroot* and *Lahoff* actions involve similar allegations that the DFS Defendants operate online daily fantasy sports contests in contravention of New Mexico anti-gambling statutes. The *Leung*, *Delgado*, and *Fischler* actions share common questions of fact with the actions pending in the MDL with respect to an allegedly deceptive and fraudulent initial deposit matching scheme promoted by FanDuel.

---

[3] In an order issued on May 31, 2016, the transferor court indicated that it would not rule on the motion to compel arbitration until, at the latest, July 31, 2016, in order to allow the Panel the opportunity to rule on FanDuel's motion to transfer. *See* Order re: Pending Motions, *Leung v. FanDuel, Inc.*, C.A. No. 5:15-00835 (C.D. Cal. May 31, 2016), ECF No. 48.

-4-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable George A. O'Toole, Jr., for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |

IN RE: DAILY FANTASY SPORTS LITIGATION                    MDL No. 2677

## SCHEDULE A

Central District of California

DELGADO, ET AL. v. FANDUEL, INC., ET AL., C.A. No. 2:15-09907
LEUNG v. FANDUEL, INC., C.A. No. 5:15-00835

District of New Mexico

LAHOFF v. FANDUEL, INC., C.A. No. 1:15-01134
DEGROOT v. DRAFTKINGS, INC., C.A. No. 2:15-01122

Southern District of New York

FISCHLER v. FANDUEL, INC., C.A. No. 1:16-00989

I hereby certify on 6/3/16 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☒ electronically filed original filed on 6/2/16
☐ original filed in my office on _____

Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: _Shury Jones_
Deputy Clerk